UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICOLE BISSONETTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00251-JCN |
| | ) | |
| CUMBERLAND COUNTY SHERIFF KEVIN JOYCE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON REQUEST TO STAY DEADLINES**

On August 24, 2026, the Armor Defendants asked the Court to schedule a conference to discuss the current scheduling order deadlines. The Court conducted the conference on August 25, 2026, as part of a previously scheduled discovery conference.

The Armor Defendants request that the Court stay the post-discovery deadlines (i.e., the deadlines for the parties to file a notice of intent to file a motion for summary judgment and to file disposition motions and motions challenging the opposing party's expert witnesses) until after the Court rules on Plaintiff's pending motion to amend the complaint and the motion of Defendant Joyce to amend his answer to assert cross claims and a third-party complaint. The briefing on the motions is not yet complete. Plaintiff and Defendant Joyce oppose the request.

The Armor Defendants' request is not without merit. If the Court were to grant the pending motions to amend, new parties and claims would be added, which additions could conceivably result in further discovery and a dispositive motion practice related to the new

claims. Typically, judicial economy would militate in favor of one comprehensive dispositive motion process.

As Plaintiff argues, however, the claims that Plaintiff and Defendant Joyce seek to assert by way of amendment are distinct from the substantive claims that Plaintiff has alleged in the complaint. Through the motion to amend, citing information Plaintiff recently learned, Plaintiff seeks to assert fraudulent transfer and alter ego (piercing the corporate veil) claims against the Armor Defendants and two individuals. The factual record and legal issues relevant to an assessment of the potential new claims would appear to be materially different from the record and legal issues that would inform the Court's assessment of the claims currently asserted in the complaint.

Given the nature of the claims that Plaintiff and Defendant Joyce seek to assert through their proposed amendments, the Court concludes that at this point, a stay of the deadlines is not necessary. If a party files a notice of intent to file a motion for summary judgment, the Court will schedule a pre-filing conference in accordance with District of Maine Local Rule 56(h) and direct the movant to file a memorandum setting for the bases for the motion, the issues that would be generated by the motion, and whether the movant intends to assert a *Daubert* challenge as to an opposing party's expert witnesses. With this information and any information that the parties provide during the conference, the Court will determine whether to continue with the motion practice at that time.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of August, 2026