**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| NICOLE BISSONNETTE, as Personal Representative of the Estate of James Mannion, | ) | |
| Plaintiff, | ) | Case No. 2:24-cv-00251 JCN |
| v. | ) | |
| CUMBERLAND COUNTY SHERIFF KEVIN JOYCE, ARMOR CORRECTIONAL HEALTH CARE SERVICES, INC., ARMOR HEALTH OF CUMBERLAND COUNTY, EDIE WOODWARD, JASON SIMPSON, and MATTHEW GLAZER, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

Plaintiff states as follows in reply to the Armor Defendants' Omnibus Opposition (ECF No. 90) to Plaintiff's Motion for Leave to Amend (ECF No. 81) and Defendant Sheriff Joyce's Motion for Leave to Amend Answer and to File Cross Claim and Third-Party Complaint (ECF No. 82):

## ARGUMENT

### I. Good Cause Exists to Amend Plaintiff's Complaint Based on Newly Discovered Financial Information of Armor Health of Cumberland County.

Armor's arguments regarding the Rule 16 good cause standard fail because they ignore the key facts that gave rise to the motion to amend. As Plaintiff's motion made clear, she is forced to bring these claims now because she learned only recently that (1) Armor of Cumberland County terminated its contract with the County, which was its only source of revenue, and may dissolve as an operating entity; (2) Armor of Cumberland County lacks sufficient funds to satisfy a reasonable resolution of this case; and (3) Armor of Cumberland County does not (contrary to its representations in discovery) maintain a self-insurance retention policy sufficient to cover a

reasonable judgment in this claim. ECF No. 81 at 3. Plaintiff could not have learned these facts until March 2026 at the earliest. *Id.* at 4–7.

Instead of engaging with the actual circumstances giving rise to the Motion, Armor argues disingenuously that Plaintiff does not meet the Rule 16 good cause standard because Plaintiff knew that Armor Health Management, LLC had entered an ABC in December 2024. But the new claims were *not* prompted by the ABC proceedings in Florida or the circumstances that led to those proceedings. As Plaintiff makes very clear, when she learned of the ABC proceeding, there was no reason for her to believe that Armor of Cumberland County lacked sufficient funds to resolve this case. *Id.* at 3. When the facts emerged in March through May of 2026 that made Armor of Cumberland County's insolvency apparent, Plaintiff acted with diligence to assess and develop her new claims and filed a motion to amend in just two months. Plaintiff's diligence satisfies the good cause standard. *Id.* at 6–7.

The Armor Defendants' suggestion that Plaintiff now raises new trial theories also lacks merit. This Court has already found that the proposed amendments are not new legal theories pursuant to its original claims, but rather distinct claims, based on new facts, that seek to protect Plaintiff's ability to recover a judgment. ECF No. 89 (Order on Request to Stay Deadlines) at 2 ("[T]he claims that Plaintiff and Defendant Joyce seek to assert by way of amendment are distinct from the substantive claims that Plaintiff alleged in the complaint"). Defendants' case law to the contrary is inapposite. In *United States v. Kimball*, the court denied a motion for leave to amend a complaint where the movant asserted new theories of liability after losing on summary judgment, and made no explanation as to why the new liability strategy was not discovered earlier. No. 2:14-CV-00521-DBH, 2016 WL 5416462, at *1 (D. Me. Sept. 28, 2016). Similarly, the proposed amendments in *Flood v. Bank of Am. Corp.,* belatedly sought to alter the substance of the complaint

and propose a new legal theory. No. 1:12-CV-00105-GZS, 2012 WL 6111451, at *4 (D. Me. Dec. 10, 2012). Here, Plaintiff does not seek to amend the legal theories underlying her existing claims, and summary judgment has not yet occurred. Instead, based on specific new facts, Plaintiff seeks to secure her ability to recover against Armor should there be judgment in her favor on the substantive claims. These amendments are appropriate under the good cause standard.

## II. Plaintiff Has Standing For Her Claims Against the Newly Proposed Defendants.

Armor argues that Plaintiff's claims are futile. Whether a proposed amendment is futile is gauged by reference to the liberal criteria of Rule 12(b)(6). *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (internal citations omitted). The question is not whether Plaintiff has already proved her claims, but whether the proposed amended complaint states a claim to relief that is plausible on its face. *Id.*

Armor argues that the claims asserted in the proposed amended complaint are futile because they were encompassed by the ABC proceedings and therefore belong to the Assignee in that case. But, as explained above, Plaintiff could not have discovered the facts that necessitated the amendments until March 2026 at the earliest, more than a year after judgment was entered in the ABC proceedings on February 27, 2025. Armor does not explain how any provision of the Florida orders, assignment instrument, or any other document would bring Plaintiff's new claim within the ambit of the ABC proceedings. Nor does Armor identify any evidence to establish that the assets at issue belonged to the debtor in those proceedings, rather than Armor of Cumberland County, or that claims arising from the alleged transfer were among those assigned to the Assignee. And even if Armor offered some explanation, these issues would be factual disputes that the Court should not resolve at this stage. *Daggett v. Waters Corp.,* 731 F. Supp. 3d 121 (D. Mass. 2024).

Armor relies on a single Florida state case to suggest that Plaintiff does not have standing to pursue her proposed amended claims. *See Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp.*, 48 So.

3d 896, 900 (Fla. Dist. Ct. App. 2010). But *Moffatt* specifically distinguishes allegations of "a particularized harm separate and distinct from the detriment that may have befallen any other creditor of the assignment estate" as viable claims. *Id.* Here, Plaintiff does not add these claims simply to get in line with other creditors. Rather, Plaintiff alleges a "particularized harm" related to the transfer of assets that occurred after the formation of Armor of Cumberland County, that entity's failure to maintain adequate liability insurance, and its termination of the contract that was its sole source of revenue, all of which impair Plaintiff's ability to collect a judgment in this case. These facts, as alleged in the proposed amended complaint, are more than sufficient at the pleadings stage to confer standing on Plaintiff to proceed under the Uniform Fraudulent Transfer Act. *See Foisie v. Worcester Polytechnic Inst.,* 967 F.3d 27, 35 (1st Cir. 2020) (finding standing under the UFTA where the plaintiff had alleged financial harm which was redressable by the remedies provided in the statute, and the claims were ripe, none of which Armor disputes here).

All of these facts arose after the ABC proceedings settled the claims of Armor's creditors in 2024. At that time, Plaintiff reasonably believed that Armor of Cumberland County was solvent (based on the revenue generated by the Cumberland County contract, as well as representations by Armor's counsel, *see* ECF No. 81 at 2–3) and held sufficient assets to cover its $3 million-dollar self-insured retention notwithstanding the ABC. Plaintiff's current claims were therefore not encompassed by the ABC proceedings, and Armor's arguments on that point fail to show otherwise. Plaintiff is only required to plead allegations that suggest "more than a sheer possibility that a defendant has acted unlawfully." *Garcia-Catalan v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013). At this stage, Plaintiff has met her pleading burden.

## III. Armor Has Not Established that Plaintiff's Claims Were Resolved by the ABC.

Just as Armor has failed to show that Plaintiff's claims "belong" to the Assignee in the ABC proceedings, Armor fails to show that Plaintiff's claims are precluded by the judgment in those proceedings. ECF No. 90 at 2, 8. Res judicata requires a final judgment on the merits, identity of parties or privies, and identity of the cause of action. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 6 (1st Cir. 1992); *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165–66 (1st Cir. 1991). The First Circuit applies a transactional approach to the identity-of-claims inquiry, examining whether the claims arise from the same transaction or series of connected transactions. *Aunyx*, 978 F.2d at 8; *Manego v. Orleans Bd. of Trade*, 773 F.2d 1, 5–6 (1st Cir. 1985).

Armor has not established that those requirements are satisfied here. The proposed amendment concerns specific asset transfers involving Armor of Cumberland County that Plaintiff did not discover until May 2026. Armor points to the Assignee's investigation of potential fraudulent transfers and to the settlement and sale proceedings. ECF No. 90 at 8. But Armor does not identify where the Florida proceeding adjudicated the asset stripping of Armor of Cumberland County and the transactions and claims alleged in the proposed amended complaint. Instead, Armor's argument depends on factual and legal inferences concerning the transactions at issue, the scope of the Assignee's investigation, the claims actually resolved in the Florida proceeding, and the scope of any release or assignment. But the Court must draw all inferences in Plaintiff's favor at this stage. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 15 (1st Cir. 2011); *Sepúlveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 30 (1st Cir.2010).

## IV. Plaintiff States Plausible Claims.

Under Rule 12(b)(6), an amendment is not futile where the proposed complaint sets forth a general factual scenario that, if proven, would entitle the plaintiff to relief on a cognizable theory. *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Plaintiff

alleges that assets of Armor of Cumberland County were transferred or diverted to related entities and corporate insiders, that those transactions depleted Armor of Cumberland County, and that the depletion impaired its ability to satisfy liabilities arising from its operations at Cumberland County Jail for the purpose of harming injured parties like Plaintiff. The proposed complaint identifies the entities and individuals involved to the extent presently known to Plaintiff and alleges the factual circumstances supporting the challenged transactions. *See* ECF No. 81-1 (Plaintiff's Proposed Amended Complaint) ¶¶ 104-134. Plaintiff's allegations are sufficiently detailed where, as here, they provide Defendants "fair notice of what the … claim is and the grounds upon which it rests." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 14 (1st Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Armor's arguments to the contrary do not establish futility. First, its arguments regarding the role of its holding companies do not undermine Plaintiff's well-pled allegations. Specifically, Plaintiff alleges that assets of Armor of Cumberland County were transferred or diverted to related entities and that the transactions among those entities are relevant to the dissipation of assets available to satisfy Plaintiff's claims. ECF No. 81-1 at ¶¶ 104-134. Whether discovery ultimately establishes the precise role of each entity in the alleged fraudulent transfer scheme is a factual issue that will be developed in discovery; it is not a basis for concluding this stage that the claims are legally futile. *See Daggett,* 731 F. Supp. 3d 121; *Hatch,* 274 F.3d at 19.

Second, Armor points to the Florida court's approval of the transaction involving Enhanced Management Services, LLC ("EMS"). ECF No. 90 at 9. But those findings concerning a particular transaction do not establish that every other transfer alleged in the proposed amended complaint was legitimate, occurred for fair value, or was adjudicated in the Florida proceeding. Plaintiff's proposed claims are based on the broader depletion and transfer of assets of Armor of Cumberland

County. To the extent Armor contends that the EMS transaction provides an affirmative defense to specific allegations, that can be addressed on a developed factual record. It does not establish, on the face of the proposed amended complaint, that Plaintiff has no legally cognizable claim arising from the other transactions alleged. Accordingly, the Florida court's findings concerning the EMS transaction do not establish that Plaintiff's proposed claims are futile.

Finally, Armor's competing characterization of the financial relationship between the County and Armor of Cumberland County does not render Plaintiff's claims incognizable and insufficiently pled, rather it creates a dispute of fact subject to discovery that the Court cannot resolve at this stage. *Tech. and Telecommunications Consultants, Inc. v. Elevate Grp., LLC*, 2026 WL 2481760, at *8 (D. Mass. Aug. 25, 2026) ("[T]he pleading stage is not the appropriate time to resolve the parties' factual disputes.").

## V. Plaintiff's Diligence Supersedes Any Prejudice to Defendants.

The Rule 16(b) standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). Plaintiff has established her diligence in her opening brief, and Defendants have failed to establish their prejudice in response. As the parties have already discussed before this Court during the August 25, 2026 discovery conference, any additional discovery would be limited and would not bear on the substance of the claims, nor impact anyone's trial strategy since the additional claims only relate to the recoverability of any potential judgment, not to Armor's liability. *See* ECF No. 88 at 2. Discovery has not yet closed, and the opportunity still exists to conduct the limited discovery that may be needed. Any prejudice the Armor Defendants may face pales in comparison to the prejudice Plaintiff, the County, and the taxpayers of Cumberland County will face if Armor's fraudulent tactics to hide from accountability are allowed to be undiscovered.

Dated: September 18, 2026

Respectfully submitted,

/s/ *Matthew Underwood*
Matthew Underwood

Sarah Grady, Esq.
Matthew Underwood, Esq.
Amelia Caramadre, Esq.
David Sinkman, Esq.
KAPLAN & GRADY
2071 N. Southport Ave
Suite 205
Chicago, IL 60614
(312) 852-2184 phone
(312) 626-2464 fax
sarah@kaplangrady.com
matthew@kaplangrady.com
amelia@kaplangrady.com
sinkman@kaplangrady.com

Alexis G. Chardon Esq., Bar # 5932
GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644 phone
(207) 541-9242 fax
achardon@garmeylaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Matthew Underwood, hereby certify that on September 18, 2026, I filed the foregoing Reply in Support of Motion for Leave to Amend via the Court's electronic PACER filing system, which will serve a copy on counsel for all parties.

/s/ *Matthew Underwood*
Matthew Underwood